

### *Pima County Clerk of Superior Court*
### *Tucson, Arizona*

Receipt Number:   3405394

Received for:      James Wadleigh                Date:            9/13/2021

Received from:     James Wadleigh                Case Number:     C20214342

Amount Received:   $258.00                       Clerk Number:    1.738

Caption:           RAQUEL SCHLESSELMAN VS. SAMUEL W JUSTER ET AL.

Cash: $0.00              Check:  $0.00           Charge: $0.00              ACH: $258.00

*Begin Financial Docket*

 Civil Complaint                                        $258.00     PAID

*End Financial Docket*

Change Returned:   $0.00

Amount Refunded:   $0.00

Page 1 of 1

FILED
Gary Harrison
CLERK, SUPERIOR COURT
9/13/2021 2:15:52 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20214342
HON. RICHARD E GORDON

PERSON/ATTORNEY FILING: James M Wadleigh
MAILING ADDRESS: 2455 E. Speedway #104
CITY, STATE, ZIP CODE: Tucson, AZ 85719
PHONE NUMBER: (520)325-3082
E-MAIL ADDRESS: jmw@jameswadleighlaw.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 022744, Issuing State: AZ

## ARIZONA SUPERIOR COURT, PIMA COUNTY

Raquel Schlesselman
Plaintiff(s),

V.                                             **CASE NO**: _____

Samuel W Juster                                **RULE 102a FASTAR CERTIFICATE**
Defendant(s).

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101b

and certifies that this case:

## (NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)

☐ **DOES** meet the eligibility criteria established by Rule 101b; or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101b.

Dated: _____

James M Wadleigh /s/ _____
SIGNATURE

AZturboCourt.gov Form Set #6084480

FILED
Gary Harrison
CLERK, SUPERIOR COURT
9/13/2021 2:15:52 PM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20214342
HON. RICHARD E GORDON

# In the Superior Court of the State of Arizona
# In and For the County of Pima

**Plaintiff's Attorney:**

James M Wadleigh

Bar Number: 022744, issuing State: AZ

Law Firm: The Law Office of James M. Wadleigh, PLLC

2455 E. Speedway #104

Tucson, AZ 85719

Telephone Number: (520)325-3082

Email address: jmw@jameswadleighlaw.com


**Plaintiff:**

Raquel Schlesselman


**Defendant:**

Samuel W Juster

18 S. Munroe Terrace

Dorchester, MA 02122


Discovery Tier t2


Case Category: Tort Motor Vehicle

Case Subcategory: Non-Death/Personal Injury

 

**Pima County Clerk of Superior Court**
**Tucson, Arizona**

|  |  |
|---|---|
|  | Receipt Number: 3446006 |

| | | | |
|---|---|---|---|
| Received for: | Geoffrey Collins | Date: | 1/20/2022 |
| Received from: | Geoffrey Collins | Case Number: | C20214342 |
| Amount Received: | $170.00 | Clerk Number: | 1.738 |

Caption: RAQUEL SCHLESSELMAN VS. SAMUEL W JUSTER ET AL.

Cash: $0.00          Check: $0.00          Charge: $0.00          ACH: $170.00

*Begin Financial Docket*

Appearance Fee                                        $170.00     PAID

*End Financial Docket*

Change Returned:   $0.00

Amount Refunded:   $0.00

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF PIMA**

RAQUEL SCHLESSELMAN VS. SAMUEL W JUSTER ET AL.

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT

22 APR 25  AM 10: 17

BY_____
DEPUTY

MARK STALLARD

CASE:     C20214342
DATE:     4/22/2022

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISMISSAL CALENDAR NOTICE

Please take notice that pursuant to Rule 38.1(d), Arizona Rules of Civil Procedure, this case has been placed on the Dismissal Calendar.  All unadjudicated claims and /or temporary orders will be dismissed without prejudice without further notice after 60 days unless:

(1) a Joint Report and a Proposed Scheduling Order under Rule 16(c) are filed with the court; or

(2) the court orders, for good cause shown, that the case be continued on the Dismissal Calendar for a specific time; or

(3) a Notice of Decision has been filed with the Clerk of the Court in a case assigned to arbitration; or

(4) a final judgment is entered.

If you have reason to believe this notice has been issued in error, please call **CASE MANAGEMENT SERVICES, DISMISSAL CALENDAR OFFICE, at 520-724-3551.**

BY:   Ana Castro
_____
Case Management Services

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| PLAINTIFF | VS | DEFENDANT |
| SCHLESSELMAN, RAQUEL |  | JUSTER, SAMUEL W |

cc: GEOFFREY G. COLLINS, ESQ.
    JAMES M. WADLEIGH, ESQ.

FILED
Gary Harrison
CLERK, SUPERIOR COURT
5/23/2022 11:51:05 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20214342
HON. RICHARD E GORDON

**CHILDERS HANLON**
 **& HUDSON, PLC**
Geoffrey G. Collins - 031011
722 East Osborn Road, Suite 100
Phoenix, Arizona 85014
Telephone: (602) 287-9463
Facsimile: (602) 266-0691
ggcollins@chhazlaw.com
*Attorney for Defendant Juster*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| RAQUEL SCHLESSELMAN,<br><br>           Plaintiff,<br><br>     vs.<br><br>SAMUEL W. JUSTER,<br><br>           Defendant. | Case No: C20214342<br><br>**STIPULATION TO CONTINUE DISMISSAL CALENDAR**<br><br>(Assigned to the Hon. Richard E. Gordon) |

The parties signing below, through respective undersigned counsel, stipulate to continue the dismissal calendar by 30 days to July 21, 2022.

Pursuant to the Court's April 22, 2022 Order, the case is set to be dismissed on June 21, 2022. However, the United States Department of Justice will likely be substituting in place of counsel for Defendant, and the United States Army will likely be substituting in as a Defendant for Samuel Juster. The parties anticipate requesting the case be transferred to Federal Court as a result at the time the substitution takes place. The parties request the 30 day extension as a buffer to allow the substitution and transfer to take place.

Dated this 23rd day of May, 2022

CHILDERS HANLON & HUDSON, PLC

By   */s/ Geoffrey G. Collins*
Geoffrey G. Collins
722 E. Osborn Road, Suite 100
Phoenix, AZ   85014
*Attorney for Defendant Juster*

LAW OFFICE OF JAMES M. WADLEIGH


By    /s/ James M. Wadleigh w/permission
        James M. Wadleigh
        2455  E. Speedway Boulevard #104
        Tucson, AZ  85719
        *Attorney for Plaintiff*

ORIGINAL filed electronically
with AZTurboCourt.gov; and

COPY of the foregoing mailed
this 23rd day of May, 2022

James M. Wadleigh
Law Office of James M. Wadleigh, PLLC
2455  E. Speedway Boulevard #104
Tucson, AZ  85719
jmw@jameswadleighlaw.com
*Attorney for Plaintiff*


By:    /s/ L. Young

2

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
5/23/2022 4:25:06 PM
CASE C20214342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

RAQUEL SCHLESSELMAN,

                    Plaintiff,

     vs.

SAMUEL W. JUSTER,

                    Defendant.

Case No: C20214342

**ORDER**

(Assigned to the Hon. Richard E. Gordon)

     The Court having received the Parties' Stipulation to Continue Dismissal Calendar and good cause appearing orders the dismissal calendar extended to July 21, 2022.

     Dated this 23rd day of May, 2022



HON. RICHARD E. GORDON
(ID: 9684bed6-9efb-4251-9cbe-02dc3b5318a5)

**COURT NOTICE**

THE ORIGINAL FILER MUST SERVE A COPY OF THIS

[ORDER/NOTICE/JUDGMENT]

ON ALL PARTIES HAVING APPEARED IN THIS CASE

FILED
Gary Harrison
CLERK, SUPERIOR COURT
7/13/2022 11:32:19 AM
BY: ALAN WALKER /S/
DEPUTY

Case No. C20214342
HON. RICHARD E GORDON

**CHILDERS HANLON & HUDSON, PLC**
Geoffrey G. Collins - 031011
722 East Osborn Road, Suite 100
Phoenix, Arizona 85014
Telephone: (602) 287-9463
Facsimile: (602) 266-0691
ggcollins@chhazlaw.com
*Attorney for Defendant Juster*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| RAQUEL SCHLESSELMAN,<br><br>            **Plaintiff,**<br><br>**vs.**<br><br>SAMUEL W. JUSTER,<br><br>            **Defendant.** | **Case No: C20214342**<br><br>**JOINT REPORT**<br>**(Tier 2)**<br><br>**Assigned to:**<br>**Hon. Richard E. Gordon** |

**SELECT ONE BOX ACCORDING TO YOUR CASE'S DISCOVERY TIER:**

**Tier 1** – The parties signing below certify that they have conferred about the matters contained in Rule 16(b)(2) and (c)(3), and they further certify that,

**(a)**     Every Defendant has been served or dismissed, and every defendant who has not been defaulted has filed a responsive pleading;

**(b)**     There are no third-party claims;

**(c)**     This case is not subject to the mandatory arbitration provisions of Rule 72; and

**(d)**     With regard to matters upon which the parties could not agree, they have set forth their positions separately in items 13 below. Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

**OR**

1

☒   **Tier 2 –** The parties signing below certify that they have conferred about the matters contained in Rule 16(b)(2) and (c)(3), and that this case is not subject to the mandatory arbitration provisions of Rule 72. With regard to matters upon which the parties could not agree, they have set forth their positions separately in items 13 below. The parties are submitting a Proposed Scheduling Order with this Joint Report. Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

**OR**

**Tier 3** – The parties signing below certify that they have conferred about the matters contained in Rule 16(b)(2) and (c)(3). With regard to matters upon which the parties could not agree, they have set forth their positions separately in items 13 below. The parties are submitting a Proposed Scheduling Order with this Joint Report. Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

**OPTIONAL SUMMARY OF RULE 16(b) EARLY MEETING:** (not to exceed 4 pages of text), split evenly between separate statements of the parties if they do not agree on the summary's contents:

**1.    BRIEF DESCRIPTION OF THE CASE:**

<u>**Plaintiff's Version:**</u> On or about September 16, 2019, Plaintiff Raquel Schlesselman was walking in the pedestrian crosswalk at Broadway and Plumer in the city of Tucson, Pima County Arizona.  Traffic had stopped on Broadway as she crossed.  Suddenly and without warning, a vehicle driven by Defendant Samuel W. Juster, traveling southbound on Plumer, made a left hand turn onto Broadway to travel eastbound and collided with Plaintiff when she was in the crosswalk. Defendant negligently, carelessly and recklessly failed to control the speed of his vehicle and Plaintiff Schlesselman sustained personal injuries as a result of the Defendant's negligence.

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred medical expenses, out of pocket expenses, has endured pain, suffering, inconvenience, and has sustained physical and mental injuries and will in the future.

<u>**Defendant's Version:**</u> Defendant Samuel Juster will dispute liability and damages should this case reach trial. However, Defendant Juster anticipates that the US Army and US DOJ will be substituting into the case and removing the case to Federal Court.

- If a claimant is seeking a remedy other than monetary damages, specify the relief sought:

**2.    CURRENT CASE STATUS** (TIERS 2 and 3 ONLY)**:**

Every defendant has been served or dismissed.  YES    NO  ☒

2

Every party who has not been defaulted has filed a responsive pleading. ☒ YES       NO

Explain what "No" means in response to either of the above statements:

A Notice of Claim with the United States was served contemporaneously when the Complaint was filed.  Its possible the Federal Government will substitute in the place of the Defendant at some point.

3.     **AMENDMENTS** (TIERS 2 and 3 ONLY)**:**

A party anticipates filing a pleading amendment will add a new party to the case. ☒YES  NO

Its possible the Federal Government will substitute in the place of the Defendant and move this matter to Federal Court.

4.     **SETTLEMENT:**  The parties agree to engage in settlement discussions with a private mediator.  The Parties will be ready for a private settlement conference by January 27, 2023.

The parties will be ready for a Court Settlement conference by:

If the parties will not engage in a settlement conference or private mediation, state the reason(s) below:

**READINESS:** This case will be ready for trial by: April 21, 2023.

5.     **JURY:**  A trial by jury is demanded. ☒ YES    NO

6.     **LENGTH of TRIAL:** The estimated length of trial is <u>four (4)</u> days.

3

**7.**     **SUMMARY JURY:** The parties agree to a summary jury trial.  YES   ☒ NO

**8.**     **SHORT CAUSE** (TIER 1 ONLY): A non-jury trial will not exceed one hour YES ☒ NO

**9.**     **PREFERENCE:** This case is entitled to a preference for trial pursuant to the following statute or rule:

> None

**10.**    **SPECIAL REQUIREMENTS:** At a pretrial conference or at a trial a party will require disability accommodations (Specify):

> None

an interpreter (Specify language):

> None

**11.**    **SCHEDULING CONFERENCE:**  The parties request a Rule 16(d) scheduling conference.  YES   ☒ NO

If a conference is requested, the reasons for the request are:

**12.**    OTHER MATTERS: Other matters that the parties wish to bring to the court's attention that may affect management of this case:

> A Notice of Claim with the United States was served contemporaneously when the Complaint was filed.  Its possible the Federal Government will substitute in the place of the Defendant at some point.

4

**13.  ITEMS UPON WHICH THE PARTIES DO NOT AGREE:** The parties were in good faith, unable to agree upon the following items, and the position of each party as to each item is as follows:

_____

Dated this 13th day of July, 2022.

CHILDERS HANLON & HUDSON, PLC

By: /s/ Geoffrey G. Collins
       Geoffrey G. Collins
       Attorney for Defendant

THE LAW OFFICE OF JAMES M. WADLEIGH, PLLC

By: /s/ James Wadleigh (with permission)
       James M. Wadleigh
       Attorney for Plaintiff

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
7/21/2022 9:40:54 AM
CASE C20214342

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| **RAQUEL SCHLESSELMAN,**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**SAMUEL W. JUSTER,**<br><br>        **Defendant.** | **Case No: C20215689**<br><br>~~**PROPOSED**~~<br>**SCHEDULING ORDER**<br><br>**(Tier 2)**<br><br>**Assigned to:**<br>**Hon. <u>Richard E. Gordon</u> ~~Michael Butler~~**<br><br>(Modified by the Court as shown by<br>strikethroughs and underline) |

**UPON CONSIDERATION** of the Parties 'Proposed Scheduling Order, the Court orders as follows:

1.      **INITIAL DISCLOSURE:** The parties have exchanged their initial disclosure statements or will exchange them no later than: <u>July 29, 2022</u>.

2.      **EXPERT WITNESS DISCLOSURE** (Tier 2 and 3 ONLY):

      A.      **AREAS OF EXPERT WITNESS TESTIMONY**
         **The parties** shall disclose areas of expert testimony to each other by this date: _____.

         **(OR)**
         **Plaintiff** shall disclose areas of expert testimony to Defendant by this date: <u>August 19, 2022</u>.
         **Defendant** shall disclose areas of expert testimony to Plaintiff by this date: <u>September 2, 2022</u>.

1

**B.      ENTITY AND OPINIONS OF EXPERT WITNESSES**

**Plaintiff** shall disclose the identity and opinions of experts to Defendant by this date:
<u>October 14, 2022</u>.

**Defendant** shall disclose the identity and opinions of experts to Plaintiff by this date:
<u>November 11, 2022</u>.

**C.      OPINIONS OF REBUTTAL EXPERT WITNESSES**

The parties shall disclose their rebuttal expert opinions to each other by this date:
<u>December 16, 2022</u>.

**3.      LAY (non-expert) WITNESS DISCLOSURE:** The parties shall simultaneously disclose all lay witnesses by: <u>November 4, 2022</u>.

- ▪ (Alternative): The parties shall disclose lay witnesses in the following order, and by the following dates:

_____

**4.      FINAL SUPPLEMENTAL DISCLOSURE:**

A.      Each party shall send the other party any final supplemental disclosure by this date:
<u>December 2, 2022</u>.

B.      This order does not replace the parties' obligation to continue to disclose ARCP Rule 26.1 information on an on-going basis and as it becomes available.

C.      No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except 1) upon order of the court for good cause shown, or 2) upon a written or an on-the-record agreement of the parties.

**5.      DISCOVERY DEADLINES:** The Court orders the following Discovery Deadlines:

A.      Tier 1 cases are permitted 120 days in which to complete discovery.

**B.**     Tier 2 cases are permitted 180 days in which to complete discovery.

**C.**     Tier 3 cases are permitted 240 days in which to complete discovery.

**D.**     The time to complete discovery runs from the date of the Early Meeting.

**E.**     The parties will submit all discovery pursuant to ARCP Rules 33 through 36 by this date: <u>November 18, 2022</u>.

**F.**     The parties will complete the depositions of parties and lay witnesses by this date:
<u>December 4th, 2022</u>.

**G.**     The parties will complete the depositions of expert witnesses by this date:
<u>December 4, 2022</u>.

**H.**     The parties will complete all other discovery by this date: <u>January 6, 2023</u>.

**I.**     "Complete discovery" includes conclusion of all depositions and submission of full and final responses to written discovery.

**6.**     **SETTLEMENT CONFERENCE or PRIVATE MEDIATION:**  [Choose One]:

       **Referral to ADR** for a Court Settlement Conference: The clerk or the court will issue a referral to ADR by a separate minute entry. The parties shall complete the mediation by this date:

☒     **Private mediation**: The parties shall participate in mediation using a private mediator agreed to by the parties. The parties shall complete the mediation by: <u>January 27, 2023</u>.

All attorneys and their clients, all self-represented parties, and any non-attorney representatives who have full and complete authority to settle this case shall personally appear and participate in good faith in this mediation, even if no settlement is expected. However, if a non-attorney representative requests a telephonic appearance and the mediator grants the request before the mediation date, a non-attorney representative may appear telephonically.

☐     **NO settlement conference or mediation:** A settlement conference or private mediation is not ordered.

**7.**     **DISPOSITIVE MOTIONS:**

A.     The parties shall file all dispositive motions by: <u>February 17, 2023</u>. <u>Any motion based on *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Ariz. R. Civ. P. 702, shall be due at the same time as dispositive motions.</u>

B.     The parties propose a trial date of no later than this date: <u>April 21, 2023</u>.

C.     The parties believe the trial will last <u> four (4) </u> days.

**8.**     **TRIAL SETTING CONFERENCE:**

A.     On <u>March 10, 2023 at 10:45 a.m.</u> [the court will provide this date] the court will conduct a ~~telephonic~~ trial setting conference.  Attorneys and self-represented parties shall have their calendars available for the conference.

        ~~☐ Plaintiff  ☒ Defendant will initiate the conference call by arranging for the presence of all other counsel and self-represented parties, and by calling this division at: (520) 724-9417 (division's telephone number) at the scheduled time.~~

**9.**     **FIRM DATES:**

A.     No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this court approving the stipulation.

B.     Dates set forth in this order that govern court filings or hearings are firm dates and may be modified only with this court's consent and for good cause.

C.     This court ordinarily will not consider a lack of preparation as good cause.

**10.**     **FURTHER ORDERS:** The court further orders as follows:

1.     <u>The parties shall also comply with the Court's Supplemental Rule 16 Scheduling Order.</u>

2.     <u>Counsel shall ensure that the Court or chambers can contact them by telephone if necessary.  This means that any law firm, including a collection law firm, that typically</u>

provides only a non-direct telephone number with automated responses **must provide a direct telephone number for the responsible attorney(s) on their pleadings/filings.**

3.    Any party that seeks to use a Case Specific Written Questionnaire pursuant to Ariz. R. Civ. P. 47(c)(3), must inform the Court no later than at the Trial Setting Conference that a questionnaire is being requested.  Any request for a questionnaire made after the Trial Setting Conference will be denied as untimely.

DATED: July 21, 2022.

/s/

HON. RICHARD E. GORDON
(ID: b73282c5-2ef5-44bc-b899-7019dfddb61c)

**COURT NOTICE**
THE ORIGINAL FILER MUST SERVE A COPY OF THIS
[ORDER/NOTICE/JUDGMENT]
ON ALL PARTIES HAVING APPEARED IN THIS CASE

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
7/21/2022 9:43:05 AM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. RICHARD E GORDON                    CASE NO.      C20214342

                                         DATE:         July 21, 2022

RAQUEL SCHLESSELMAN
    Plaintiff

VS.

SAMUEL W JUSTER
    Defendant

---

# O R D E R

**SUPPLEMENTAL RULE 16 SCHEDULING ORDER FOR DIVISION 8**

    The Court has approved a Scheduling Order pursuant to Ariz. R. Civ. P. 16, setting forth deadlines for the pretrial process in your case. This Order supplements the Scheduling Order.

    Accordingly,

    **IT IS ORDERED** setting a trial-setting conference pursuant to Ariz. R. Civ. P. 16(f) on **March 10, 2023 at 10:45 a.m..** Attorneys and self-represented parties shall have their calendars available for the conference.

    **IT IS FURTHER ORDERED** that, at the Rule 16 trial-setting conference, deadlines and dates for the trial, motions in limine, proposed voir dire, and the joint pretrial statement, will be addressed.

    **IT IS FURTHER ORDERED** all motions to amend the pleadings (including the addition of parties) must be filed within **30 days** of the date of this Order, unless more specifically addressed in the Scheduling Order.

    **IT IS FURTHER ORDERED** that, unless otherwise ordered response and reply dates for all dispositive motions are governed by Ariz. R. Civ. P 56 and the expedited FASTAR rules (if applicable). Unless expressly allowed by the Court, each party may file only **one** motion for summary judgment in which they shall set forth all bases for summary disposition. Any motion based on *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), and/or Ariz. R. Evid. 702, shall be due at the same time as dispositive motions.

    **IT IS FURTHER ORDERED** that all discovery and disclosure must be completed by the discovery cut-off deadline. This means that all discovery requests must be served so they may be timely completed by the Court ordered deadline. This deadline does not relieve the parties of their continuing obligation to supplement their disclosure as otherwise required.

                                                         _____
                                                   Isela Tanzillo
                                      Judicial Administrative Assistant

**O R D E R**

| | | |
|---|---|---|
| Page  2 | Date:  July 21, 2022 | Case No.:   C20214342 |

**IT IS FURTHER ORDERED** that, to the extent that there is an inconsistency between the Rule 16 Scheduling Order and this Supplemental Order, the Rule 16 Scheduling Order shall control.

**IT IS FURTHER ORDERED:**

1. **Transmitting and Filing Documents**

    a. With limited exceptions, the parties should be filing through e-filing and Turbo Court.  Parties who are filing through Turbo Court are reminded that they must use the *Judicial Action Required* indicator if they are submitting a filing and wish the Court to take action on the matter which is the subject of the filing.

    b. When electronically submitting a Proposed Order or Notice of Hearing in Pima County Superior Court via AZTurboCourt, counsel submitting the Proposed Order/Notice of Hearing must file it as a "main document" rather than as an "attachment" or "exhibit," and must choose "Proposed Order" in the dropdown menu. If the Proposed Order/Notice of Hearing is not filed correctly, judicial staff will not be aware that a Proposed Order/Notice of Hearing has been submitted.

    *c.* When a proposed order, notice of hearing, or judgment is submitted for judge signature or approval, the filing party is responsible for distributing the signed or approved version to all counsel and/or all parties of record.   *Neither the Clerk's Office nor chambers distributes these documents and, therefore, the failure to do so will result in the lack of notice to the other parties.*

    d. Counsel is directed to refer to the AZTurboCourt website for filing instructions specific to Pima County, or they may contact Turbo Court Customer support at (800) 720-7743.

2. **Motions Under Advisement More Than 45 days**

    Pursuant to Pima County Local Rules 1.13(A) and 2.1, any motion under advisement for **45 days requires direct notice to chambers** so that it can be timely addressed; the failure to comply with this paragraph and these rules may result in delay and the motion not being considered under advisement.

3. **Attorney Contact Information**

    Counsel shall ensure that the Court and chambers can contact them by telephone if necessary. This means that any law firm, including a collection law firm, that typically provides only a non-direct telephone number with automated responses, **must provide a direct telephone for the responsible attorney(s) on their pleadings/filings.** The failure to abide by this paragraph may result in sanctions.

4. **Hearing Dates**

    Any party desiring oral argument must file with any motion or response a separate Notice of Hearing and comply with Pima County Local Rule 2.5.  If a hearing has been requested, but inadvertently not set, counsel shall call chambers at 520-724-9889.

Isela Tanzillo
Judicial Administrative Assistant

**O R D E R**

Page  3                              Date:  July 21, 2022                       Case No.:   C20214342

5.      **Telephone Appearance**

   a.   Requests for telephonic appearance shall be presented to the Court in writing at least 5 business days prior to the hearing date and shall be decided without waiting for an objection. This includes appearances connected with court settlement conferences.  Any party may object to the granting of such request and, if an objection is made, the Court will reconsider the request de novo.

   b.   The party requesting the telephonic appearance is responsible for notifying all parties of the request and shall arrange the telephone call to the Court.  The Court's conference line is 520-222-1111 (access code 9938598#) which shall be included on any proposed form of order or other notice to the parties.

6.      **Continuances**

   a.   Every request for a continuance must state in the caption whether the request is the first, second, etc.; for example, "Motion to Modify Scheduling Order (First Request)."

   b.   All requests for continuances must be made by written motion stating good cause **and a statement as to whether opposing counsel has an objection.**

   c.   All stipulations to continuances must be written stating the reasons and signed by counsel for each party and that an Order be provided to the Court for signature.

7.      **Court reporters**

   Court reporters are available for regularly scheduled trials, and *generally* for all hearings. However, if a court reporter is <u>needed</u>, counsel <u>must</u> notify chambers 48 hours in advance of the proceeding to ensure a court reporter will be present.

8.      **Mediation/Settlement Conference**

   The parties shall schedule a mediation or settlement conference to occur no later than the mediation/settlement conference deadline set forth in the Rule 16 Scheduling Order and, if a mediation/settlement conference deadline is not set therein, a mediation or settlement conference shall take place no later than **20 days** before the parties' dispositive motion deadline. **If the parties choose a settlement conference instead of mediation, they shall contact Case Management Services within 20 days of receipt of this Supplemental Order to schedule their settlement conference; Case Management Services' settlement conference calendar fills up quickly and the failure to secure a settlement conference date early may result in significant delay**.

9.      **Settlement**

   The parties shall notify the Court of any settlement within **24 hours** of the settlement being reached. One day's jury fees will be assessed if notification occurs later than noon on the court day before trial.

       Isela Tanzillo       
Judicial Administrative Assistant

**O R D E R**

| Page  4 | Date:  July 21, 2022 | Case No.:   C20214342 |
|---|---|---|

10.    **Discovery motions**

Before any discovery motion is filed, the parties must strictly comply with Ariz. R. Civ. P. 26(d) (expedited procedure for discovery disputes), Ariz. R. Civ. P. 7.1(h) (good faith consultation), and Pima County Local Rule 1.17 (same).

11.    **Juror Notebooks**

Parties are encouraged to use juror notebooks; if used, exchange with opposing counsel shall occur no less than ten (10) days prior to trial.

12.    **Exhibits**

All hearing and trial exhibits are to be submitted to the Clerk of Court for marking ten (10) days prior to the date of the trial or hearing.

13.    **Jury Questionnaire**

Any party that seeks to use a Case Specific Written Questionnaire pursuant to Ariz. R. Civ. P. 47(c)(3), must inform the Court no later than at the Trial Setting Conference that a questionnaire is being requested.  Any request for a questionnaire made after the Trial Setting Conference will be denied as untimely.

14.    **Contacting Chambers**

Counsel and parties are admonished that judicial staff cannot speak substantively about a pending case - so any requests or inquiries that are substantive in nature must be made by written motion copied to all parties and/or counsel of record.

cc:    Geoffrey G Collins, Esq.
        James M. Wadleigh, Esq.

Isela Tanzillo
Judicial Administrative Assistant